# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| **BRAEDEN M. WRIGHT,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:16-cv-615-KPJ |
| | § | |
| **DENISON INDEPENDENT SCHOOL DISTRICT, ET AL.,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Denison Independent School District ("DISD"), Charles Bollinger, Chad Rogers, and Henry Scott's (collectively, "Defendants") Motion for Attorneys' Fees as Costs (the "Motion for Attorneys' Fees") (Dkt. 101) and Defendants' Motion to Alter or Amend Judgment (the "Motion to Alter Judgment") (Dkt. 104) (collectively, the "Motions"). The Motion for Attorneys' Fees argues that as the prevailing party, Defendants should be awarded attorneys' fees pursuant to 42 U.S.C. § 1988. *See* Dkt. 101. The Motion to Alter Judgment argues that Defendants should be awarded costs pursuant to Federal Rule of Civil Procedure 54(d). *See* Dkt. 104. Plaintiff Braeden M. Wright ("Plaintiff") filed a response to the Motion for Attorneys' Fees (Dkt. 103), and Defendants filed a reply (Dkt. 106). Plaintiff also filed a response to the Motion to Alter Judgment (Dkt. 107), to which Defendants did not file a reply.

Having reviewed both Motions, as well as the responses thereto, and all relevant filings, the Court finds the Motion for Attorneys' Fees (Dkt. 101) is **DENIED**, and the Motion to Alter Judgment (Dkt. 104) is **GRANTED**.

## I. BACKGROUND

Plaintiff's Third Amended Complaint (the "Complaint") (Dkt. 55) asserted two claims pursuant to 42 U.S.C. § 1983 ("Section 1983"): (1) a *Monell* claim[1] against DISD (*see* Dkt. 55 at ¶ 44); and (2) a First Amendment retaliation claim against all Defendants (*id.* at ¶¶ 58-60). Plaintiff, who attended school and played baseball at Denison High School ("DHS"), alleged he was penalized after he reported inappropriate comments and cheating by the DHS baseball coach, Defendant Charles Bollinger ("Bollinger"). *See* Dkt. 55 at ¶¶ 21-26. The Complaint alleged that after Plaintiff reported these incidents, Bollinger ceased talking to Plaintiff and did not play Plaintiff at first base as frequently as he had prior to reporting these incidents.

This matter was referred to the undersigned for all proceedings, including entry of judgment, in accordance with 28 U.S.C. Section 636(c) and the consent of the parties. *See* Dkt. 67. The Court granted summary judgment in favor of all Defendants (*see* Dkt. 99), and final judgment (the "Final Judgment") (Dkt. 100) was entered on August 21, 2018. The Final Judgment provided that "all costs shall be borne by the party incurring same." *Id*.

## II. DISCUSSION

### A. Motion to Alter Judgment

Defendants argue that pursuant to Federal Rules of Civil Procedure Rule 59(e) and 54(d), the Court should amend the Final Judgment to award them costs. *See* Dkt. 104. To succeed on a Rule 59(e) motion, a party must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005). District courts also have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). In exercising this discretion, a

---

[1] Under *Monell*, a plaintiff seeking to impose liability on a municipality under Section 1983 is required to identify a municipal "policy" or "custom" that caused the plaintiff's injury. *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id.*

Plaintiff counters that Defendants should not recover costs because they failed to confer with Plaintiff, as required by the Local Rules of the Eastern District of Texas, and because the motion was not timely filed. *See* Dkt. 107 at 2. Plaintiff's first argument is unavailing. The Court construes Defendants' Motion to Alter Judgment as a motion to reconsider, which is expressly exempt from the Local Rules' meet and confer requirement. *See* E.D. TEX. LOCAL R. 7(h) and 7(i).

Although Plaintiff is correct that Defendants' Motion to Alter Judgment was not timely filed as provided by Rule 59(e),[2] the Fifth Circuit has held "that certain procedural flaws in Rule 59(e) motions are not fatal." *Benson v. St. Joseph Reg'l Health Ctr.*, 575 F.3d 542, 547 (5th Cir. 2009). A court may treat an untimely Rule 59(e) motion to alter or amend the judgment as a Rule 60(b) motion if the grounds asserted in support of the Rule 59(e) motion would also support Rule 60(b) relief. *Id.* (citing *Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465, 470 (5th Cir. 1998) (internal citations omitted)). In this case, the Court finds that the grounds for relief asserted by Defendants in their Rule 59(e) motion—a manifest error of law—would also support a Rule 60(b) motion. *See generally* Dkt. 104.

Under Rule 60(b), a district court can grant relief from a final judgment for: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) a void judgment; or (5) a judgment that has been reversed or otherwise vacated. FED. R. CIV. P. 60(b)(1)-(5). The court can also set aside a judgment for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). Relief under the Rule 60(b)(6) "catch-all" provision is available, however, "only if extraordinary circumstances

---

[2] Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The final judgment in this case was entered on August 21, 2018, and Defendants filed their motion on September 19, 2018, twenty-nine (29) days after the entry of judgment.

are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir.2002) (internal quotations and citations omitted). The burden of establishing at least one of the Rule 60(b) requirements is on the movant, and the determination whether that burden has been met rests within the discretion of the court. *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990) (*abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994)). The Court finds Defendants have met their burden. The Court also finds that the request for relief was made within a reasonable time. *See* FED. R. CIV. P. 60(c)(1).

With respect to costs, Rule 54(d)(1) contains a strong presumption that the prevailing party will be awarded costs. *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006). Indeed, a prevailing party "is *prima facie* entitled to costs." *Id*. The denial of costs to a prevailing party is in the nature of a penalty, and the court "may neither deny nor reduce a prevailing party's request for costs without first articulating some good reason for doing so." *Id*. "Only when there would be an element of injustice in a cost award," should costs be denied to a prevailing party. *Id*. (citing *Delta Air Lines, Inc. v. August*, 450 U.S. 346 (1981)). Furthermore, the absolute or relative wealth of a party is not a sufficient ground for denying or limiting costs to the prevailing party. *Moore v. Citgo Refining and Chemicals Co., L.P.*, 735 F.3d 309, 320 (5th Cir. 2013) (holding that "reducing or eliminating a prevailing party's cost award based on its wealth—either relative or absolute—is impermissible as a matter of law.").

Based on the foregoing, the Court finds that reconsideration of the Final Judgment is warranted in this case and Defendants, as the prevailing party, are entitled to an award of costs as a matter of law.

### B. Motion for Attorneys' Fees

The Motion for Attorneys' Fees argues that as the prevailing party, Defendants should be awarded attorneys' fees pursuant to 42 U.S.C. § 1988. *See* Dkt. 101. The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988(b), states in relevant part:

> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

42 U.S.C. § 1988. While a prevailing plaintiff in an action brought under 42 U.S.C. § 1983, is usually entitled to an award of fees under 42 U.S.C. § 1988, "prevailing defendants cannot recover § 1988 fees without demonstrating that the plaintiff's underlying claim was frivolous, unreasonable or groundless." *Merced v. Kasson*, 577 F.3d 578, 595 (5th Cir. 2009) (quoting *Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1053 (5th Cir.1998) (internal quotation marks omitted)).

A plaintiff may recover fees under § 1988 even if he does not prevail on every claim because he acts as a "private attorney general" upholding "a [civil rights] policy that Congress considered of the highest priority." *Fox v. Vice*, 563 U.S. 826 (2011) (citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 420–21 (1978)). In contrast, because Congress sought "to protect defendants from burdensome litigation having no legal or factual basis," it restricted the award to a prevailing defendant to cases where the court finds the plaintiff's suit was frivolous, unreasonable, or without foundation. *Id.* A plaintiff's claim is frivolous if "it lacks an arguable legal foundation." *Offord v. Parker*, 456 Fed. Appx. 472, 474 (5th Cir. 2012). A claim is also frivolous if "lacks an adequate factual basis, as when the complaint asserts only conclusory allegations or when the plaintiff fails to offer any evidence in support of a given claim." *Myers*, 211 F.3d at 293.

Factors for the court to consider in determining whether a defendant is entitled to such a fee award in defending against a plaintiff's frivolous, unreasonable, or groundless claims are if:

(1) the plaintiff established a *prima facie* case, (2) the defendant offered to settle, and (3) the court held a full trial on the plaintiff's claims. *Myers v. City of West Monroe*, 211 F.3d 289, 292 (5th Cir. 2000). No single factor is controlling, and the court should decide whether a claim is frivolous on a case-by-case basis. *Doe v. Silsbee Indep. Sch. Dist.*, 440 Fed. App'x. 421, 425 (5th Cir. 2011). In making this determination, courts should be mindful of the admonition in *Christiansburg* to avoid *post hoc* reasoning. *Id.* (citing *Christiansburg*, 434 U.S. at 421).

The frivolousness and unreasonableness of a claim is determined at the time the complaint was filed, by considering "whether the case was so lacking in merit that it was groundless." *United States v. State of Miss.*, 921 F.2d 604, 609 (5th Cir. 1991) (internal citations omitted); *Christiansburg*, 434 U.S. at 422 ("Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit."). "The fact that the Court dismissed Plaintiffs' suit is not in itself a sufficient justification for the fee award." *Hughes v. Rowe*, 449 U.S. 5 (1980) ("Allegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, 'groundless' or 'without foundation' as required by *Christiansburg*.").

Regarding the first *Myers* factor, Plaintiff's *prima facie* case, Defendants have not shown that Plaintiff's claims were without foundation. The fact that Plaintiff produced at least some evidence supporting some of his factual allegations, even though that evidence may have been weak or insufficient to prevail, militates against a finding that Plaintiff's claims were frivolous. *See, e.g.*, *Silsbee*, 440 Fed. App'x. at 425; *Mylett v. Jeane*, 910 F.2d 296, 300 (5th Cir. 1990); *Butler v. Rapides Found.*, 365 F. Supp. 2d 787, 793 (W.D. La. 2005) (where "a plaintiff presents some credible evidence in support of the claim, then the case has merit, and an award under § 1988 . . . is inappropriate."). Thus, Defendants are not entitled to a fee award under the first *Myers* factor.

The second *Myers* factor, offers of settlement, is ambiguous at best. "[W]hether a defendant offers to settle is of questionable value in determining whether the plaintiff's claims are frivolous." *Myers*, 211 F.3d at 292. Given the lack of convincing argument regarding the extent to which the parties engaged in settlement negotiations and the "questionable value" of the second factor, this factor also weighs against a finding that Plaintiff's claims were frivolous.

Regarding the final *Myers* factor, whether a full trial on the merits was held, it is undisputed that Plaintiff's claims against Defendants were dismissed without a trial. As noted earlier, however, this factor is not dispositive. *See Hidden Oaks*, 138 F.3d at 1053 (holding that dismissal prior to trial is not in itself sufficient to establish that the underlying claims were frivolous); *Silsbee*, 440 Fed. App'x at 425 (same). The Court's summary judgment ruling included no finding that Plaintiff's claims were frivolous. *See* Dkt. 99. Furthermore, the Court has already determined that Plaintiff's action was not frivolous or groundless at the outset. Accordingly, Defendants are not entitled to a fee award under Section 1988.

### III. CONCLUSION

Based on the foregoing, the Court finds Defendants' Motion for Attorneys' Fees (Dkt. 101) is **DENIED**, and Defendants' Motion to Alter Judgment (Dkt. 104) is **GRANTED**.

**IT IS SO ORDERED**.

**SIGNED this 11th day of October, 2018.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE